UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-CR-00420-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| ANTONIO BARRAZA BAZUA, | |
| Defendant. | |

Defendant Antonio Barraza Bazua ("Defendant") pled guilty pursuant to a written plea agreement to: (1) One Count of Distribution of at Least 500 Grams of Cocaine in violation of 21 U.S.C. § 841(a)(1); (2) Two Counts of Possession With Intent to Distribute at Least 500 Grams of Cocaine in violation of 21 U.S.C. §§ 846 and 841(c)(2); and (3) One Count of Possession With Intent to Distribute at Least 500 Grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). On September 17, 2008, Defendant was sentenced to 180 month of imprisonment. Presently before the Court are Defendant's Motions to Reduce Sentence. ECF Nos. 43, 48. This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motions. ECF No. 49. The Government opposes Defendant's requests. ECF No. 51. For the reasons that follow, those Motions are DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original Offense Level was 38 based on the amount of drugs for which he was found responsible in the Presentence Investigation Report and by the Court (i.e., 11.56

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

2

1 | kilograms of cocaine and 4.64 kilograms of methamphetamine). After a 3-level reduction for acceptance of responsibility, and along with a criminal history category I, the guideline range was 168-210 months. None of this changed under the amended guidelines because the above drug quantity still corresponds to an Offense Level 38. Accordingly, because the amendment did not lower Defendant's Offense Level or sentencing range, his Motions (ECF No. 43, 48) are DENIED. See <u>United States v. Leniear</u>, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: May 3, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE